May it please the Court. My name is Lonnie Davis, representing the appellant in this matter, and with the Court's permission, I'd like to reserve five minutes for rebuttal. You'll have to help keep track of your own time. Thank you. That's the full time. First, Your Honor, I want to assure the Court that neither I nor Ms. Blanchard are attempting to make light of any decision of this Court. We respect the decision of this Court and the decision of the trial court. Our argument simply is based on the premise that the trial court applied the wrong precedent in this particular circumstance. We come before the Court You're not asking us to follow the dissent in Rob. Is that what you're saying? Yes, Your Honor. Okay. It is. We come before the Court with essentially two decisions, recent decisions of this Court that appear to go in opposite directions, Rob and Witt. The trial court applied the Rob decision to this set of facts. We believe that was the incorrect decision. As we see the case, Your Honor, a fundamental issue is whether there was, in fact, an administrative remedy for the wrong that Ms. Blanchard alleged in her pro se complaint. As the Rob court indicates, a fundamental question is whether IDEA, the special education laws, allow a remedy that in any way goes to the harm that was suffered by the plaintiff. Well, what exactly was her harm? Her harm was having her son's rights under special education laws repeatedly violated in such a way that impact the time she took her remedy, took her case to the next level, that she prevailed, didn't she? She prevailed in the sense that her son's educational program and services were revised as she wanted them. Yes, Your Honor. Well, what was her injury? Other than frustration and being jerked around by the bureaucracy, what was her injury? That was her injury, Your Honor, being jerked around by the bureaucracy. Where in the Constitution does it say you can't be jerked around by the bureaucracy? Section 1983, Your Honor, says that you have a right of action if your rights under a Federal statute have been violated. Well, this is the – as I understand it, the IDEA, the statute is really the idea of it is to – I'm sorry, that was not intended as a pun. But what is trying to be done, everyone who has a child who needs special attention has a certain amount of stress and there are family problems to be resolved. As I understand it, the statute contemplates that these issues be resolved in a fairly negotiated way with steps and that there is counseling and other – there are other remedies available for parents. Is that wrong? It is largely correct, Your Honor. Where this case differs is that the counseling is directed to services to improve the child's education, to assist the child in obtaining an appropriate public education. The injury that Ms. Blanchard alleges here is not related to improving your child's education in the sense that the school district can give her any service that would help the child. It seems to me that the issue here isn't really – just, again, speaking only for myself in this observation. It seems to me that the problem isn't exhaustion. The problem is whether you can state a claim, which isn't actually the way the case has been litigated up until this point. I'm not sure whether there exists a right of action for a parent who's frustrated in the way that your client has been frustrated, but if the statute doesn't give an administrative remedy, you get to go to court and talk about that. I guess that's the way I would see the problem. Well, go ahead. You can respond. Yes. Briefly, Your Honor, I think that's correct. At this point, it is premature to decide whether Ms. Blanchard's 1983 claim will ultimately prove viable or not, but she ought to be allowed the opportunity. Well, the problem is you – where in idea is this claim for outraged damages or for frustration and emotional distress? You may have a State tort claim, but the concept of the statute seems to be that whatever you can get under the statute ought to be resolved administratively to the extent that it can be. The idea administrative mechanisms are set up to resolve disputes about how the child is to be educated, what service he is to receive. The idea administrative structure is not set up to resolve the kinds of issues raised by the statute. Well, what is the Federal – then what is the Federal right that you are claiming that has been – that you are claiming damages for? For violations of what? Federal statute or law. Idea. Well. Then I don't see – if idea doesn't – doesn't contemplate this kind of damage so that you had no administrative remedies, I'm not quite seeing how you have a claim at all. We have a claim under 1983, Your Honor, because we can show Ms. Blanchard's rights under idea were violated. There is no remedy for those violations in idea itself, but 1983 creates a remedy for those violations.  Thank you, Your Honor. Thank you. Good morning, Your Honors. I'm Jocelyn Weinman. I represent the Defendants, Appellees, Morton School District, the Principal, Russ Davis, and the Vice Principal, Robin Goodwin. Counsel, why isn't Witte the correct – I'm sorry? Why isn't Witte the correct case to analyze this under insofar as, at least at the pleading stage, it alleges a violation of rights that cannot be remedied through the IDEA itself? In other words, a parent's emotional distress is not something that can be fixed through that process. Why isn't Witte exactly on point? Well, I think I better get this one right, because if I'm not incorrect, two members of this panel decided the Witte decision, so I'll do my best here. I think Your Honor has pointed exactly to the issue. Is this a Rob or is this a Witte controlled case? And I think there are four reasons why it's a Rob case rather than a Witte case. First of all, look at who the claimants were in both decisions. In the Rob case, it was the parents and the child, both, not just the child. In the Witte case, it was just the child. And in our case, it's just the parent. So by definition, the parent's claim has to fall closer to the Rob case than the Witte case. The second issue, the type of violation that is alleged. In the Rob case, the issues were predicated on specific violations of the IDEA, the core administration of special education services to a young girl. In Witte, the Witte case, the issues were not related to the provision of special education services. While the student in Witte was, in fact, a special education student, the injuries he alleged were physical in nature. Well, but physical or not, the question is here, what could the administrative process provide when the problem is that the administrative process is done in such a way as to cause the parent psychological harm? It seems circular. It seems impossible that the administrative process could have assisted this thing that she's complaining about. She's not seeking a different plan for her child. She's not seeking counseling for her child. She's, as I understand it, seeking money to compensate her for the anguish that's been resulting from the process itself. Your Honor, I don't think the IDEA allows for a claim for emotional distress. If that's true, that is what makes it a Witte case, isn't it? If IDEA doesn't provide for it, I guess it seems like your argument is one step down the line. It's not really an argument, it seems to me, about exhaustion so much as it is whether there's a claim at all. But that seems like a different argument. I'm sorry, I'm not – I see what you're saying, but I think the issue is Ms. Blanchard's emotional distress was related to the manner in which her son was provided a FAPE, free and appropriate public education. Right. Her right is therefore channeled pretty much through the delivery of services to her son. If she believed that her rights, her parental involvement with respect to the development of the individualized education plan was not correct, she could have argued in the administrative forum that this was causing her terrible psychological problems and couldn't the district at least help her deal with dealing with the district. She wants money. That's what she wants. And the ALJ actually in one of these cases held that he lacked authority to order compensation for emotional distress, which is her claim. So if she can't get that remedy, isn't that exactly what Witte was about, the case in which it's impossible to get an administrative remedy, you don't have to seek an administrative remedy? First of all, Your Honor, the administrative decision I believe that you're referring to is one that was the topic of a motion to supplement the record in this Court, a 2003 decision that was decided after the district court. And this panel has denied the motion to add that to the record. So we don't think it's here for consideration today. Well, apart from whether it's here, is that not true, though, that can't be done in the proceeding? First of all, if the Court is considering that administrative decision that isn't in the record, I believe that an administrative law judge isn't the one that can decide what is truly available under IDEA. I think that's a legal question. Okay. My personal approach to this, or that I believe the law provides, is that money damages are probably not available under the IDEA. I think we all know that. But reimbursement expenses are. Attorney's fees for prevailing at stages in the proceeding. If there isn't enough relief provided at the administrative process, there's a method for filing a petition for judicial review. Does that answer your question? I understand your position. Well, the Witte case, as I understand it, involved the child's claim for damages, didn't it? It was the child seeking damages for physical injuries that had occurred in the educational setting that were not distinctly related to the provision. A child had been through all of the remedies that the child could receive pursuant to the act. I don't think the decision tells us that, Your Honor, because it wasn't even the Witte case was not filed as a petition for review from an IDEA administrative hearing. The only claims at issue were 1983 and, I believe, the ADA and the Rehab Act. The IDEA, the act that is at issue in our case, was not cited to, in that opinion, as a source of where the plaintiff's claim was. I thought that the child, they had been through administrative remedies. The child may have been through administrative remedies, but that isn't the issue that was presented in Witte. It was the claim in Witte, the complaint that was filed in that decision did not rely upon rights under the IDEA as the basis for seeking relief. Another issue I think deserves some mention here is the motion for leave to amend the complaint, or the lack of motion to leave, for leave to amend the complaint. Our position is that was not raised in the notice of appeal, so that shouldn't even be an issue here. And the pro se rules don't apply to that issue. And that's an issue because Ms. Blanchard was ably represented by Lonnie Davis at the time the motion to dismiss was considered by the Court. In addition to that, Ms. Blanchard offered several reasons in her brief why she believes that the Court erred in not offering her up the ability to amend the complaint, and we submit that those are non-issues. One of the issues she raises is that she could have shown to the Court in an amended complaint that she had already pursued administrative remedies. Well, that's a non-issue because in response to our motion to dismiss, Ms. Blanchard counsel did in fact submit the decisions in two of five of the due process hearings. So the Court was well aware of the steps she had taken in that regard. And she also says that she should have been allowed to amend the complaint because the original complaint was not clear that she was seeking damages for herself. We do not believe that's true because page 9, the prayer of her original complaint, clearly says that's what she's doing. At any rate, I think the Court well understood the issues here because it did in fact reference in passing, in the order granting the motion to dismiss, that Ms. Blanchard had in fact pursued five administrative hearings. Is there anything else I can offer to the Court? I don't believe so. Thank you. Your Honor, to reiterate, it seems to us the fundamental question here is whether the idea of administrative process could have done anything to remedy the harm Ms. Blanchard alleged. We submit that there was not. We are asking this Court to remand the case and, if necessary, to re-examine the case. And if necessary, allow Ms. Blanchard to amend her complaint to make it clear the nature of the injury she's alleging and how it differs from remedies that might be available under IDEA. I came into the case very late, essentially filed one pleading at the trial level or one set of pleadings, which included a request for leave to amend the complaint if the Court felt it was necessary. Well, now, how would you amend it? Amend it to make it clear, as I've indicated in our briefing, Your Honor, exactly what it was that Ms. Blanchard alleged as an injury and how that was distinct from the educational services provided to a child. She might have alleged additional factors that would help the Court. At that point, we knew what the defendant's motion was and the basis for it. We had no clear indication that the trial court thought amendment of the complaint would be necessary. If the trial court found that it should dismiss, it should have granted an opportunity for her to amend the complaint or at least pointed out the defense that could be addressed by an amendment. But essentially, Your Honor, we believe that this case is more clearly analogous to the Witte case in that there is no part of what Ms. Blanchard is seeking that could be addressed by the IDEA. No, but she never sought it administratively, anything administratively for herself. That's what makes we have to reconcile Robb and Witte somehow. That's correct, Your Honor. She never sought anything through the administrative process for herself because there was nothing the administrative process could do. And she never let the administrative process know that she was ever claiming anything, ever going to claim anything for herself. Not at the point she filed this lawsuit, Your Honor. There was a subsequent administrative decision that the Court has referred to where the administrative law just says there is no remedy I can provide for this injury. It's outside the scope of ADEA. Thank you, Your Honor. Thank you. The case discarded is submitted for decision. We'll hear the last case on the calendar, Romero v. Northwest Area Foundation.
judges: Schroeder, Goodwin, Graber